Robert J. Douglas, Esq.
380 Clementina #408
San Francisco, CA 94103
415-974-1981
RJDSS@AOL.COM

Attorney for Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert J. Douglas, | Case No.: C-07-5127 |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR DISCRIMINATION BECAUSE OF |
| vs. | DISABILITY; VIOLATION OF THE AMERICANS WITH DISABILITIES |
| Lisa Kirwin, Janet Lee, Sharon Miller, Renaissance Entrepreneurship Center, and DOES 1-60 | ACT; VIOLATION OF THE CALIFORNIA CIVIL CODE |
| Defendant | |

I.   INTRODUCTION

   1.   Renaissance Entrepreneurship Center is a non-profit corporation doing business in the state of California. Defendant Corporation is rather unique in that it provides counseling, peer support and office space to new business people. Plaintiff sues both as an individual and derivately as an intended recipient of the services of the Defendant Corporation.

1st Amended Complaint- 1

2. Defendants Lisa Kirwin, Janet Lee, Sharon Miller and are all individuals residing in the state of California.

3. At all times herein, each Defendant was acting as an agent of every other Defendant.

4. The identity of Defendants Does 1-60 is unknown to the Plaintiff. Does 1-30 are members of the Board of Directors of the Defendant corporation. The complaint will be amended to reflect their identity when they are ascertained.

5. At all times herein stated, Plaintiff was a disabled individual, suffering from cerebral palsy and major depression.

II. FIRST CAUSE OF ACTION

(**Complaint for Discrimination Because of Disability and Gender**)

6. Defendant incorporates by reference the allegations contained in paragraphs 1-5, and each and every party therefore with the same force and effect as thought set out at length herein.

7. Plaintiff and Defendants have an agreement that Defendants would provide Plaintiff with office space and business development consultations by the corporate Defendant. At all times herein, Defendants received federal assistance. Plaintiff was hospitalized for most of the first 6 months of 2007. When Plaintiff recovered, Defendants refused to let him continue in the program.

A. VIOLATIONS OF THE CALIFORNIA CIVIL CODE

1st Amended Complaint- 2

8. Defendants denied Plaintiff full and equal access to business and accommodations in violation of California Civil Code Sections 54 and 54.1

9. Defendants at all times herein stated that they know that persons with disabilities had a right to use their facility. Despite this knowledge, Defendants failed and refused to take steps to comply with California Civil Code section(s) 54 and 54.1. Such actions by Defendants evidence despicable conduct in conscious disregard of the rights and safety of the Plaintiff and other similarly situated persons. Thus an award of treble damages under section 54.3 (a) of the California Civil Code is appropriate.

B. VIOLATIONS OF THE AMERICANS DISABILITIES ACT

10. Plaintiff incorporates by reference paragraphs 1 through 8 above.

11. The actions of the Defendants violated 42 U.S.C. 12182 section 392 (b)(b)(A)(ii), 42 U.S.C. 12182 section 302 (b)(2)(A)(iv) and

**WHEREFORE,** Plaintiff prays for judgment against defendants, and each of them as more fully set forth below.

III. SECOND CAUSE OF ACTION.

(**Violation of Section 504 of Rehabilitation Act of 1973**)

12. Plaintiff incorporates by reference the allegations contained in paragraphs 1-5, and each and every part thereof

1st Amended Complaint- 3

with the same force and effect as though set out at length herein.

13. The actions of the Defendants violated Section 504 of Rehabilitation act of 1973. 45 CFR 84.

**WHEREFORE**, Plaintiff prays for judgment against defendants, and each of them as more fully set forth below.

IV. THIRD CAUSE OF ACTION.

**(Breach of Contract)**

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1-5, and each and every part thereof with the same force and effect as though set out at length herein.

15. The parties agreed that the Defendants, and each of them, would provide office space and business development consultations to Plaintiff. That agreement contains an implied warranty that Defendants, each of them, shall act in a reasonable, responsible manner.

16. Defendants, and each of them, breached the agreement with Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment against defendants, and each of them as more fully set forth below.

V. FOURTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1-5, and each and every part thereof

1st Amended Complaint- 4

with the same force and effect as though set out at length herein.

18. Defendants' conduct was outrageous and beyond the bounds of decency such that no reasonable person could be expected to endure it.  Plaintiff was forced to endure mental anguish in that he had no place to operate his business and the counseling he had been receiving from the Defendants was abruptly terminated without any advanced notice.

**WHEREFORE**, Plaintiff prays for judgment against defendants, and each of them as more fully set forth below.

VI. FIFTH CAUSE OF ACTION

(**Unfair Business Practices**)

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1-5, and each and every part thereof with the same force and effect as though set out at length herein.

20. The conduct of Defendants, and each of them, and Does 1- 60, as alleged, is part of a general business practice at Renaissance Entrepreneurship Center by these defendants.  This practice exists in part because that few adverse consequences will flow from their mistreatment of their vulnerable clientele and made a considerable decision to avoid their legal obligations.

21. This practice constitutes an unfair and fraudulent practice within the meaning of Business & Professions Code section 17200.

22. Plaintiff is entitled to restitution of all funds paid to Renaissance Entrepreneurship Center by him or on behalf of him.

23. Plaintiff is entitled to attorney fees under the provisions of Code of Civil Procedure section 1021.5 and Welfare & Institutions Code section 15657(a).

**WHEREFORE**, Plaintiff prays for judgment against defendants, and each of them as more fully set forth below.

VII. SIXTH CAUSE OF ACTION

**(Failure to Supervise)**

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1-5, and each and every part thereof with the same force and effect as though set out at length herein.

25. Each Defendant had a duty to supervise every other Defendant. Each Defendant breached that duty.

VIII.   PRAYER

Plaintiff demands the following relief:

1. For general damages pursuant to California Civil Code sections 54 and 54.1, and 3281.

2. For general damages pursuant to California Civil Code section 52.

3. In the alternative to damages pursuant to California Civil Code section for 1,000.00 and damages pursuant to California Civil Code section(s) 54 and 54.1 and the Americans With Disabilities Act.

4. For injunctive relief pursuant to 42 U.S.C. 12188 section 308 (1)(2) and California Civil Code section 55.

5. For attorney's fees pursuant to 42 U.S.C. 1988, 42 U.S.C. 12205 and California Civil Code section 54.3(a).

6. An order requiring that all damages paid to the Plaintiff be paid by the individual defendants.

7. An order requiring that the individual Defendants to indemnify the Corporate Defendant for legal fees and costs of this suit. If pro-bono legal services are used, the individual Defendants shall pay the Corporate Defendant the market value of the services.

8. For such other relief as the Court may deem just and proper.

Dated this 15th day of October, 2007

Robert J. Douglas, Esq.